## SCHMIDT v
## BLISS BUSINESS COLLEGE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2244. Decided Dec 9, 1932

Griffith and Griffith, Columbus, and John A. Connor, Columbus, for plaintiff in error.

Paul Herbert, Columbus, and R. A. Mc-Fayden, Columbus, for defendant in error.

ALLREAD, J.

We have carefully reviewed the evidence and have considered the briefs and arguments of counsel. There is no separate finding in the court below as to the amount due upon either cause of action. The plaintiff's claim set forth in his first cause of action as to the failure to furnish janitor service is involved in some doubt, but we think the evidence in respect thereto, if believed by the jury, would establish the right of the plaintiff, the Bliss College Company, to a reasonable amount which would sustain the plaintiff's claim to a substantial part of $6855.00, and as to that amount the judgment must be sustained. There is however an additional amount returned by the jury which must necessarily rest upon an establishment of the second cause of action. There is considerable doubt as to the order of the fire marshall. The written order does not appear in the record, but it appears from the evidence that an order of some kind was made by the fire marshall in respect to the entrance to the building from State Street. Giving this evidence the benefit of the doubt we are unable to concur in the view of counsel for the plaintiff in error that the order of the fire marshall necessarily relieved Schmidt from any effort to comply in a legal manner with the furnishing of an entrance from State Street. Notwithstanding that the order of the fire marshall, giving it its widest scope, might prevent the plaintiff in error from furnishing the kind of an entrance that he previously had, it would not prevent him from furnishing a sufficient and legal entrance from State Street for the benefit of Bliss College as he had covenanted to do under his contract of lease.

We therefore find that the plaintiff in the court below, to-wit, The Bliss College Company, is entitled to his verdict and judgment, and that the same should be affirmed. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.